IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MUNICH WELDING, INC.,           )
            Plaintiff,          )
                                )
                                )
                                )
     v.                         )   Civil Action No. 05-1573
                                )
GREAT AMERICAN INSURANCE,       )
COMPANY,                        )
            Defendant.          )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                  February 16, 2006

This is an action for declaratory judgment. Plaintiff, Munich Welding, Inc., seeks a declaration of the rights and responsibilities of the parties under the terms of a payment bond issued by defendant, Great American Insurance Company. Plaintiff filed this action in the Court of Common Pleas of Fayette County, Pennsylvania. Defendant removed it here on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff has filed a motion to remand (doc. no. 8).

For the reasons set forth below, the court will decline to exercise jurisdiction over this declaratory judgment action and will dismiss this case without prejudice.

I.  BACKGROUND

Plaintiff is a construction company. Defendant is an insurance company and is the surety on a payment bond it issued to the general contractor of a construction project in Fayette County, Pennsylvania. Plaintiff performed work on the construction contract as a subcontractor. For reasons that are not relevant to the court's disposition of the pending motion, plaintiff allegedly was not paid for the work it performed. Plaintiff then filed this declaratory judgment action in the Court of Common Pleas of Fayette County, Pennsylvania against defendant. Upon representation of counsel, plaintiff has filed another action regarding the same facts and circumstances in the Court of Common Pleas of Fayette County, Pennsylvania against defendant and others. Counsel has advised the court that the other action remains pending in state court.

II.  DISCUSSION

    A.  Plaintiff's Motion to Remand

        1.  Diversity of Citizenship

Plaintiff has filed a Motion to Remand (doc. no. 6) pursuant to 28 U.S.C. § 1447(c). Plaintiff contends that removal was improper for two reasons. First, plaintiff argues defendant is a citizen of Pennsylvania and, therefore, is precluded from removing this action under 28 U.S.C. § 1441(b). Second,

plaintiff argues that the payment bond at issue contains a forum selection clause and, by executing this bond, defendant waived its right to removal.

When parties dispute whether subject matter jurisdiction exists on removal, defendant bears the burden of proving the statutory requirements. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). Further, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111(3d Cir. 1990)(quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

When defendant removes a case based on diversity of citizenship jurisdiction, the "well-pleaded complaint rule" does not govern. Steel Valley Auth., 809 F.2d at 1010-11. Accordingly, defendant may submit affidavits and deposition transcripts in support of a removal petition, and plaintiff may submit counter-affidavits and deposition transcripts along with the factual allegations contained in the verified complaint in support of remand. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The court will then evaluate all of the disputed issues of fact in the light most favorable to plaintiff

and, similarly, resolve all contested issues of substantive fact in favor of plaintiff. Id.

Applying these principles to this case, we find that the evidence submitted by both parties supports diversity jurisdiction. Specifically, we find that plaintiff is an Indiana corporation. Defendant is an Ohio corporation with its principal place of business in Ohio. See Affidavit of Joel D. Beach, Exhibit A to Defendant's Response to Plaintiff's Motion to Remand (doc. no. 8). Thus, this court has subject matter jurisdiction.

2. Waiver of Defendant's Right to Remove

Plaintiff also argues that, even if this case was otherwise removable, defendant waived its right to remove by executing a forum selection clause in the bond at issue. The clause provides, in pertinent part, that:

> [n]o suit or action shall be commenced by a Claimant under this bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located....

Payment Bond, Exhibit A to Plaintiff's Complaint at paragraph 11. When analyzing these clauses the court of appeals has directed that this court "simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." Foster v. Chesapeake Ins. Co. Ltd., 933 F.2d 1207, 1218 (3d Cir. 1991). Plaintiff, the claimant under this bond, filed this action in the Court of

4

Common Pleas of Fayette County, Pennsylvania. Defendant then removed the case to this court. Both the state and the federal court are courts of competent jurisdiction in the location where the work was performed. Accordingly, based upon the plain language of the clause, the court finds defendant did not waive its right to remove this case.

B. The Declaratory Judgment Action

1. Procedural Nature of Declaratory Judgment

At the Rule 26 conference the court advised the parties that it was considering, under Wilton v. Seven Falls Co., 515 U.S. 277 (1995) and State Auto Ins. Cos. v. Summy, 234 F.3d 131 (3d Cir. 2000), declining to exercise jurisdiction in this case. The Supreme Court in Wilton and the court of appeals in Summy clearly stated that this court has "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286; Summy, 234 F.3d at 133. Defendant requested the opportunity to brief the issue.

Defendant first argues that the discretionary authority articulated in Wilton and Summy is inapplicable here because those cases were interpreting the *federal* Declaratory Judgment Act, whereas this is an action brought pursuant to the *Pennsylvania* Declaratory Judgment Act. See Defendant's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (doc. no. 14). Defendant's argument is without merit.

5

An action for declaratory judgment is procedural in nature and purpose. A federal court exercising diversity jurisdiction follows federal procedural rules and, thus, federal law determines the rules to apply to a request for declaratory judgment relief in a given case. <u>Federal Kemper Ins. Co. v. Rauscher,</u> 807 F.2d 345, 352 (3d Cir. 1986)(noting that "it is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment apply in diversity cases"). <u>See also</u> <u>Britamco Underwriters Inc. v C.J.H. Inc. d/b/a Wheatsheaf Inn et. al.</u>, 845 F.Supp. 1090, 1092 (E.D. Pa. 1994) <u>aff'd</u> 37 F.3d 1485 (3d Cir. 1994) (same). Therefore, the principles of law respecting the discretionary authority to decline jurisdiction in a declaratory judgment action articulated in <u>Summy</u> govern in this case.[1]

---

[1] We note parenthetically that a federal court sitting in diversity must, of course, apply the substantive law of the state in which the cause of action arose. <u>Id.</u> <u>See also</u> <u>Erie R.R v. Tompkins</u>, 304 U.S. 64 (1938); <u>Griggs v. Bic Corp.</u>, 981 F.2d 1429, 1431 (3d Cir. 1992). Defendant apparently assumes that entertaining a declaratory judgment action is a substantive matter. As stated above, it is not; it is procedural. Nonetheless, if we analyze this issue under the Pennsylvania Declaratory Judgment Act, the result would be the same. For it is well established under Pennsylvania law that "[w]hether a trial court should exercise jurisdiction over a declaratory judgment action is a matter of sound judicial discretion." <u>Osram Sylvania Products, Inc. v. Comsup Commodities, Inc.</u>, 845 A.2d 846, 848 (Pa. Super. 2004). Thus, regardless of whether the Pennsylvania Declaratory Judgment or the federal Declaratory Judgment Act govern, the court's discretionary authority is the same.

### 2. *Summy* And Its Progeny

The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action. Rather, the Act provides that:

> [i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286; see also Summy, 234 F.3d at 133. The Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136. Thus, under the Act, district courts possess discretion in determining whether and when to entertain a declaratory judgment action, even when the suit otherwise satisfies the prerequisites for subject matter jurisdiction.

While the court recognizes that Summy, and many of the cases issued by the Court of Appeals for the Third Circuit which followed, concerned declaratory judgment actions regarding the

7

scope of automobile insurance policies, the principles delineated in <u>Summy</u> apply broadly to all declaratory judgment actions based upon state law.  In <u>Wilton</u>, the Supreme Court held that it was appropriate for the district court to decline jurisdiction over a controversy regarding a commercial liability insurance policy. <u>Wilton</u>, 515 U.S. at 279.  See also <u>Nolu Plastics, Inc. V. Valu Engineering, Inc.</u>, 2005 U.S. Dist. LEXIS 4530 (E.D. Pa. March 21, 2005)(applying <u>Summy</u> to declaratory judgment seeking interpretation of Ownership and Contribution agreements); <u>Sacks, P.C. v. Cox</u>, 2003 U.S. Dist. LEXIS 20213 (E.D. Pa. October 30, 2003)(applying <u>Summy</u> to declaratory judgment seeking interpretation of employment agreement); <u>Bacardi, U.S.A. v. Premier Beverage, Inc. d/b/a Glazers of Kansas</u>, 352 F.Supp.2d 1188 (D. Kans. 2005)(applying <u>Wilton</u> to declaratory judgment action seeking interpretation of franchise agreement).

The district courts' discretionary power to decline to hear declaratory judgment actions, however, is not open-ended.  For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  <u>Summy</u>, 234 F.3d at 134 (citing <u>United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res.</u>, 923 F.2d 1071, 1076-79 (3d

Cir. 1991)).   None of these exceptions are present here.

The court of appeals in <u>Summy</u> specifically noted that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." <u>See</u> <u>id</u>. at 136. This principle is especially relevant because the interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." <u>Id</u>. Finally, when state law is well established, there is even less reason for federal district courts to exercise jurisdiction over a declaratory judgment action. As the court of appeals noted:

> When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.

<u>Summy</u>, 234 F.3d at 136.

There are no federal questions present in this dispute. The requested relief would require us to apply only well-settled state law.

Further, there is a parallel action stemming from this same dispute pending in the state court. Both the Supreme Court, in <u>Wilton</u>, and the court of appeals, in <u>Summy</u>, reasoned that a pending parallel state court action is one of the factors that

favor declining jurisdiction in declaratory judgment actions. Wilton, 515 U.S. at 290; Summy, 234 F.3d at 134-36. In Summy, the court of appeals specifically noted that judicial efficiency was not served by allowing actions concerning the same facts and circumstances to proceed in both state and federal court. Id. at 135-36. The court of appeals opined that, had the federal court not interfered:

> the state court would have been able to develop a coordinated schedule of briefing and discovery that would have promoted the efficient resolution of both the declaratory judgment action and the underlying tort action, thereby conserving judicial resources as well as those of the parties.

Id. Additionally, there is a possibility that, by allowing parallel state and federal proceedings, the parties could be subject to inconsistent verdicts. Over fifty years ago, the Supreme Court recognized that:

> ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

Brillhart v. Excess Ins. Co. Of America, 316 U.S. 491, 495 (1942).

Finally, a party's objection to a district court's exercise of jurisdiction in a declaratory judgment case is a factor that would support the decision to decline jurisdiction. Plaintiff has clearly manifested a desire to litigate this matter in state

10

court. Even in the absence of a party's objection, however, a district court may decline jurisdiction in a declaratory judgment action sua sponte. Summy, 234 F.3d at 136.

In sum, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well-settled. There is a parallel proceeding in state court. The state court is perfectly capable of resolving this dispute in accordance with its own law. Accordingly, given the circumstances of this case, and in the exercise of our discretion, we decline to exercise jurisdiction over this declaratory judgment action.

### 3. Plaintiff's Request for Damages

Defendant also argues that the court cannot decline jurisdiction in this case pursuant to Summy because plaintiff is not merely seeking declaratory relief. Defendant contends that because plaintiff is seeking declaratory relief and money damages, the action should properly be viewed as one for breach of contract. See Defendant's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (doc. no. 14). Defendant fails to note, however, that money damages are available under both the federal and Pennsylvania Declaratory Judgment Acts. Thus, simply because the "wherefore" clause in the complaint seeks money as well as declaratory relief does not somehow morph a declaratory judgment action into something else.

Moreover, the federal Declaratory Judgment Act specifically provides that "further relief" is available based on a request for declaratory judgment.  28 U.S.C. § 2202.  Section 2202 provides that "further necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  28 U.S.C. § 2202.  The relief may take the form of money damages.  See Alexander & Alexander, Inc. v. Van Impe, 787 F.2d 163, 166 (3d Cir. 1986).  See also Ahlert Music Corp. v. Warner/Chappel Music Inc., 155 F.3d 17, 27 (2d Cir. 1998).  Thus, plaintiff's request for money damages is not inconsistent with a request for declaratory judgment.[2]

III.  CONCLUSION

For the foregoing reasons, the court has subject matter jurisdiction in this case.  The court will, however, exercise its discretion and decline to exercise that jurisdiction.  Accordingly, this action is dismissed without prejudice.  An appropriate order follows.

---

[2] Similarly, Pennsylvania courts have held that money damages are available under the Pennsylvania Declaratory Judgment Act. In Juban v. Schermer, 751 A.2d 1190 (Pa. Super. 2000), the Pennsylvania Superior Court predicted that the Pennsylvania Supreme Court would "allow a party whose rights have been established by declaratory judgment to file a supplemental application for damages based on the declaratory judgment." Id. at 1194.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNICH WELDING, INC., <br> Plaintiff, | ) <br> ) <br> ) <br> ) <br> ) |
| v. | ) Civil Action No. 05-1573 <br> ) |
| GREAT AMERICAN INSURANCE, <br> COMPANY, <br> Defendant. | ) <br> ) <br> ) <br> ) |

ORDER

AND NOW this 16th day of February, 2006 IT IS HEREBY ORDERED that this action is DISMISSED, without prejudice, to the parties right to fully litigate the matter in state court. Plaintiff's request for remand is now moot.

BY THE COURT:

_____, J.

cc:   All Counsel of Record